# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GEORGE E. BLAKE, #161-487 | * | |
| Petitioner | * | |
| v | * | Civil Action No. CCB-11-1224 |
| J. P. MORGAN, Warden, et al. | * | |
| Respondents | * | |

## MEMORANDUM

George Blake is petitioning for a writ of habeas corpus under 28 U.S.C. § 2254 and moves to proceed in forma pauperis. The court shall grant him leave to proceed in forma pauperis, and for reasons to follow, shall dismiss the § 2254 motion without prejudice for lack of jurisdiction.

### I. Background

On May 6, 2011, Blake, who is presently confined at Western Correctional Institution, filed this action seeking to challenge his convictions in the Circuit for Baltimore City in 1982 for first degree rape and first degree sexual offense for which he is serving consecutive life terms of incarceration. Court records reveal that the instant motion represents Blake's second § 2254 Motion challenging these convictions. On December 8, 2003, Blake filed his first § 2254 motion in *Blake v. Peguese*, No. 03-3479 (D. Md. 2003). On February 18, 2004, the court dismissed the petition as untimely.

### II. Pre-Filing Authorization

A prisoner may file a successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application, and the circuit court has issued such an order. 28 U.S.C. § 2244(b)(3)(A); Rules 4 and 9 of the

Rules Governing Section 2254 Cases in the United States District Courts; *see Harvey v. Horan*, 278 F.3d 370, 379-82 (4th Cir. 2002) (dismissal of a habeas petition for procedural default is a dismissal on the merits for purposes of determining whether a habeas petition is successive), *abrogated on other grounds by Skinner v. Switzer*, -- U.S. --, 131 S. Ct. 1289 (2011); *Villaneuva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) (a habeas petition that is properly dismissed as time-barred "constitutes an adjudication on the merits for successive purposes."); *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). Consequently, a second or successive § 2254 motion may not be considered by a district court absent the statutorily required certification.

Petitioner does not demonstrate that he has obtained authorization for a second or successive petition. Accordingly, the Clerk will send him an information packet explaining the procedure for requesting pre-filing authorization before the United States Court of Appeals for the Fourth Circuit.

### III. Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner has not made the requisite showing in these circumstances, and the court declines to issue a certificate of appealability.

Denial of a certificate of appealability does not prevent a petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

| | |
|---|---|
| <u>May 20, 2011</u><br>Date | <u>  /s/                              </u><br>Catherine C. Blake<br>United States District Judge |